IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK DELANE WARD,**

        **Plaintiff,**

v.                                            Case N0. 3:12-cv-06186

**LAUREN PLYMALE, et al.,**

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's self-styled "motions" for injunctive and other preliminary relief. (ECF Nos. 5, 11, 15). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that each of Plaintiff's motions be **DENIED.**

**I.**    **Background**

On November 30, 2011, Plaintiff Mark Delane Ward ("Ward") was arrested and brought before a Cabell County, West Virginia magistrate for an initial appearance on a criminal complaint for Second Degree Sexual Assault. (ECF No. 2 at 7; ECF No. 2-1 at 4). At that time, a preliminary hearing was scheduled for December 9, 2011, and bond was set at $100,000 cash, which Ward was unable to post. He was

then detained at the Western Regional Jail in Barboursville, West Virginia pending further proceedings. On December 9, Ward was informed that he had since been indicted by a Cabell County grand jury on charges of Second Degree Sexual Assault and Intimidation of a Witness. Consequently, the preliminary hearing was canceled, and Ward was returned to Western Regional Jail to await trial on the indictment.[1]

On October 3, 2012, Ward filed the instant action alleging, among other claims, that (1) he was wrongfully deprived of a preliminary hearing; (2) his original criminal charges and bond set therein were improperly "merged" with his subsequent indictment case; and (3) he has remained in custody in violation of his Fourth Amendment right against illegal search and seizure, and his Fourteenth Amendment rights to equal protection and due process. (ECF No. 2).[2] Ward also objected to the conditions of his pre-trial confinement, which allegedly included mail tampering, wrist and leg restraints, lock-down confinement, and restrictions on phone and shower use. (*Id.* at 24). As for relief, Ward requested that the Court (1) investigate his allegations "to aid [his] Unlawful Arrest claim against the State of West Virginia," which he apparently filed in West Virginia's Court of Claims; (2) "order expungement

---

[1] On May 28, 2013, the Clerk of Court received notice in one of Ward's separate § 2241 actions that he is no longer detained in the Western Regional Jail. (*Ward v. Clark*, No. 3:12-cv-07283, ECF No. 24). Subsequently, the Court was advised by the Jail that Ward had been transferred to a medical facility and had not returned. The West Virginia Regional Jail and Correctional Facility Authority informed the Court that Ward was released to home confinement pending his state trial on the indictment.

[2] Ward has also filed three similar federal actions pursuant to 28 U.S.C. §§ 2241 and 2254. On October 9, 2012, Ward filed a § 2254 petition for writ of habeas corpus, alleging that he had been wrongfully denied a preliminary hearing and was therefore entitled to release from jail. (*Ward v. Clark*, No. 3:12-cv-06386, ECF No. 2). That case was dismissed at Ward's request on November 8, 2012. (*Ward v. Clark*, No. 3:12-cv-06386, ECF Nos. 9 & 10). On November 2 and November 19, 2012, respectively, Ward filed two separate § 2241 petitions for writ of habeas corpus. (*Ward v. Clark*, No. 3:12-cv-07283, ECF No. 1; *Ward v. Clark*, No. 3:12-cv-07928, ECF No. 1). Both § 2241 petitions consisted of many of the same underlying facts and related arguments in support of his requests for release from custody and dismissal of his State criminal charges, and were dismissed by the District Court in April of 2013. (*Ward v. Clark*, No. 3:12-cv-07283, ECF No. 21; *Ward v. Clark*, No. 3:12-cv-07928, ECF No. 14).

of DNA testing" conducted in relation to his criminal proceeding; and (3) order his release from pre-trial detention. (*Id.* at 5). He also sought money damages for injuries resulting from these and other alleged constitutional violations. (*Id.* at 28-31).

Currently pending are three subsequently filed, self-styled "motions" by Ward, requesting that the Court (1) issue an injunction in his civil action against the State of West Virginia, (ECF No. 5); (2) review the decision of the West Virginia Supreme Court of Appeals denying his petition for a writ of mandamus, (ECF No. 11); and (3) order the jail to conduct an MRI of his leg so that he can prove he is Jacob, the Biblical character that wrestled with an angel in the Book of Genesis. (ECF No. 15). The Court addresses each motion in turn.

## II. Discussion

### A. Motion for Injunction

In his first motion, Ward requests that this Court issue an injunction in his state civil action, *Ward v. State of West Virginia*, Case No. CC-12-0493, pending in the West Virginia Court of Claims. (ECF No. 5 at 1).[3] Ward also asks this Court to investigate why his mail from the Court of Claims is addressed to "Mark Delane Underwood," when his name is "Mark Delane Ward." (*Id.* at 1-2).

A preliminary injunction is an order, entered before a final determination on the merits of a lawsuit, that is specifically designed to "protect the status quo and to prevent irreparable harm during the pendency of [the] lawsuit." *In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 525 (4th Cir. 2003). Because a preliminary injunction is an extraordinary remedy, it "may only be awarded upon a clear showing that the

---

[3] Although not entirely clear in the motion, this appears to be the same state action as the "Unlawful Arrest claim against the State of West Virginia" that Ward mentions in the complaint. (ECF No. 2 at 5).

plaintiff is entitled to such relief," *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)) (internal quotations omitted), and only "in limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 811 (4th Cir.1991) (citation omitted). Moreover, principles of comity require that "federal courts will not casually enjoin the conduct of pending state court proceedings," whether criminal or civil. *Cousins v. Wigoda*, 409 U.S. 1201, 1206, 92 S.Ct. 2610 (1972). Indeed, the Anti-Injunction Act ordinarily precludes a federal court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. However, the Supreme Court has held that "§ 1983 is an Act of Congress that falls within the 'expressly authorized' exception" of the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151. 34 L.Ed.2d 15 (1972). Nevertheless, the fact that § 1983 actions fall within an exception to the Anti-Injunction Act does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum*, 407 U.S. at 243; *see also Anonymous J. v. Bar Ass'n of Erie County*, 515 F.2d 435, 437 (2d Cir. 1975) (holding that while "[t]here is no doubt that a section 1983 action falls within the 'authorized by Act of Congress' exception to section 2283 ... it is equally clear that section 1983 is not exempted from the *Younger* abstention doctrine").

To obtain a preliminary injunction, the moving party must demonstrate each of the following factors: (1) he is likely to succeed on the merits of the underlying

action; (2) it is probable that he will suffer irreparable harm without the preliminary relief; (3) the balance of hardships tips in his favor; and (4) the injunction is in the public interest. *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013). When examining Ward's motion in light of these factors, it is clear that Ward is not entitled to the relief he seeks.

First, Ward provides scant information as to the substance of his claims against the State of West Virginia and makes no representations regarding the probability that he will succeed in the West Virginia Court of Claims. In all likelihood, Ward's Court of Claims action is based upon some variation of the factual allegations underlying his Fourth Amendment claims of illegal search and seizure asserted in this Court. If so, Ward plainly fails to show that he is likely to succeed on the merits, as this Court has previously considered and rejected those claims in Ward's separately filed § 2241 actions. *See Ward v. Clark*, No. 3:12-cv-07283, 2012 WL 7855777, at *4 (S.D.W.V. Dec. 18, 2012); *Ward v. Clark*, No. 3:12-cv-07928, 2012 WL 7861250, at *4 (S.D.W.V. Dec. 18, 2012).

Second, although the motion for injunction is by no means clear, it does not request relief designed to preserve the status quo or prevent irreparable harm. Instead, the motion essentially asks this Court to help Ward manage the administrative details of his lawsuits. Specifically, Ward requests that this Court (1) investigate why West Virginia's Court of Claims sent him an incorrectly addressed letter and identify who corrected his name on the envelope; (2) communicate regularly with the Court of Claims so that activity in Ward's federal and state actions can be coordinated for him; and (3) insure that discovery and other proceedings in

this federal action are shared with the Court of Claims. Obviously, a preliminary injunction is not the proper vehicle to obtain such relief.

Finally, Ward has made no showing that the balance of equities tips in his favor or that any of his demands are in the public interest. For these reasons, the undersigned **FINDS** that Ward fails to state any grounds upon which a preliminary injunction can be issued. [4]

### B. Motion for Review of State Mandamus Denial

In his second motion, Ward explains that he has filed suit in federal court because the West Virginia Supreme Court of Appeals refused his demand for an order to show cause and denied his petition for a writ of mandamus. (ECF No. 11 at 1). This "motion" reiterates many of the claims contained in Ward's complaint, but does not appear to include any specific request for relief.

If Ward seeks to have this district court review the West Virginia Supreme Court of Appeals' denial of his mandamus request, the *Rooker-Feldman* doctrine precludes such review. The *Rooker-Feldman* doctrine "bar[s] the federal courts from exercising jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Stratton v. Mecklenburg County Dept. of Soc. Servs.*, No. 11-2131, 2013 WL 2364587 (4th Cir. May 31, 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Put another way, the Supreme

---

[4] If Ward's motion is construed as a request for this Court to enjoin the Court of Claims action, the motion still must fail. For the reasons stated above, Ward offers no factual or legal support to justify this Court's intervention in an ongoing state civil action.

Court of the United States is the only court vested with appellate jurisdiction over final state-court judgments; therefore, this Court lacks the requisite jurisdiction to consider such an appeal. *Lance v. Dennis,* 546 U.S. 459, 463, 126, S.Ct. 1128, 163 L.Ed.2d 1059 (2006). Although the state criminal proceedings for which Ward sought mandamus relief are still pending, the state Supreme Court's denial of a writ of mandamus constitutes a judgment subject to the *Rooker-Feldman* doctrine, as it was the final determination of the issue Ward now seeks to appeal. *See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 320 (4th Cir. 2003) ("It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order."); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000) (holding that *Rooker-Feldman* applies to interlocutory orders issued by state courts); *Mothershed v. Justices of Supreme Court,* 410 F.3d 602, 604 n.1 (9th Cir. 2005) (same); *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 28 (1st Cir. 2005) (same). Accordingly, if Ward's motion is a request for an appeal of the West Virginia Supreme Court judgment, the undersigned **FINDS** that this Court lacks jurisdiction to entertain Ward's motion.

### C. Motion for Jail to Conduct MRI

In Ward's final motion, he alleges that he is the Biblical figure Jacob and requests that the Court order the Jail to arrange an MRI of his leg to prove his identity. (ECF No. 15 at 2). According to Ward, in the Book of Genesis, Jacob wrestled with an angel, and in the course of wrestling, the angel left a mark on the hollow of Jacob's thigh and put his thigh out of joint. Ward claims that his thigh is out of joint

and there is a mark at the hollow; therefore, he needs an MRI to conclusively establish that he is Jacob.

Unfortunately, Ward fails to allege any basis upon which the Court could order an MRI. Ward does not contend that he is in need of medical care; that medical care is being denied; that he received constitutionally inadequate medical treatment; or even that he requested a medical examination of his leg, which was ignored. His motion is devoid of factual allegations supporting a claim that a person acting under color of state law has been deliberately indifferent to Ward's medical needs. *See Cooper v. Dyke*, 814 F.2d 941, 945 (4th Cir. 1987) ("[G]overnment officials who ignore indications that a prisoner's or pretrial detainee's initial medical treatment was inadequate can be liable for deliberate indifference to medical needs."). In the absence of an alleged constitutional violation under § 1983, or a legitimate medical need, Ward simply states no basis for this Court to consider his request. Consequently, the undersigned **FINDS** that Ward's motion is without merit.[5]

### III. Proposal and Recommendations

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Ward's motion for injunction, motion for review of state court denial of mandamus relief, and motion for an MRI of his leg. (ECF Nos. 5, 11, 15).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers,

---

[5] Moreover, Ward is no longer incarcerated at the Jail, rendering his motion moot. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.2d 182, 186 (4th Cir. 2009).

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, the Defendants, and any counsel of record.

**FILED:** June 14, 2013.

Cheryl A. Eifert
United States Magistrate Judge